

**MICHAEL P. PAPPAS LAW FIRM, P.C.**

New York • New Jersey • California

# ENGAGEMENT AGREEMENT

Dear Andreas:

Thank you for retaining the Michael P. Pappas Law Firm, P.C. (the "Firm") to provide legal services in the area of employment law. This Engagement Agreement sets forth the terms and conditions of your engagement of the Firm.

### 1. Scope of Representation

The scope of representation you have asked us to undertake is to prosecute claims on your behalf, and potentially on behalf of other similarly-situated employees, against your employer for violation of wage and hour laws. The scope of our representation may expand from the work described above (i) as specifically agreed in writing, or (ii) to the extent of work actually performed and billed with your authorization. If the scope of the representation expands significantly from what we originally contemplated, the Firm may ask you to enter into a revised engagement agreement containing different terms and conditions.

### 2. Retainer

Before we begin to perform work under this Engagement Agreement, you must provide the Firm with a "retainer" in the amount of $5,000.00. Your entire retainer payment will be kept in a client trust account until the conclusion of this matter, unless you authorize us to earlier withdraw all or a portion of the retainer funds and apply them toward outstanding fees and/or expenses. Any portion of the retainer remaining at the conclusion of this matter will be refunded to you or credited against our fee, as you may choose.

The purpose of a retainer payment is to provide the Firm with a measure of security in the event of a failure to pay for legal services rendered and/or expenses. Therefore, you hereby authorize us to withdraw amounts from the trust account and apply them to any unpaid invoice that is at least 60 days past due. In the event any retainer funds are withdrawn due to nonpayment, you will be invoiced for replenishment of the amount withdrawn. If you do not provide the replenishment amount within 30 days of the replenishment invoice date, it will constitute a breach of this agreement.

In the event that this matter proceeds to trial (or arbitration hearing with respect to any arbitrated matter), you may be asked to pay an additional retainer in an amount equal to the probable fees, costs, and expenses to be incurred in preparation for and during the trial or arbitration hearing.

### 3.    Fees and Billing Policy

You are retaining our services under an arrangement where you will be obligated to pay our Firm a contingency fee that totals 28% of any compensation or other monetary recovery received by you as a result of our Firm's negotiation, procurement of an out-of-court settlement, or procurement of a judgment in a legal proceeding. This is a discount of 5.33% from our normal contingency rate of 33.33%. If we do not recover any sum on your behalf, you owe us nothing, except as otherwise stated in this agreement. Please note that settlements and awards in employment cases are taxable, and under this retainer agreement, the contingency fee is calculated based on the gross, pre-tax amount of any settlement or award. You are choosing the above contingency fee arrangement in lieu of an arrangement where you would pay our Firm by the hour at the rate of $480.00 per hour plus expenses.

When you sign this Agreement, you are conveying to our Firm an irrevocable 28% interest in all proceeds obtained by you in this matter, whether obtained by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, and whether denominated actual damages, costs, attorney's fees, punitive damages, or other recovery, and in whatever form they might take. In the event that you obtain non-monetary relief or consideration (such as benefits, stock options, etc.), the Firm shall be entitled to 28% of the value of such non-monetary relief or consideration. In such a case, we will propose a valuation of that non-monetary relief or consideration. If you disagree with that valuation, you have the right to propose your own valuation within five days of receiving the Firm's valuation. If you and the Firm cannot reach agreement, the parties will submit the two competing valuations to a mutually acceptable arbitrator, who shall choose on of the two valuations at the end of the arbitration session. The cost of the arbitration shall be shared equally by the parties. Each of us will provide to the other all data reasonably necessary to evaluate any in-kind interest or non-monetary consideration that is created by virtue of this representation.

Please take notice that the Firm shall have a lien for services rendered and costs advanced on any sums recovered by you in this matter, whether by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise.

### 4.    Expenses

You will be responsible for paying certain out-of-pocket expenses incurred in the course of working on your matter. Examples of expenses you will be responsible for include: court filing fees; court reporter fees for depositions; fees for deposition or court proceeding transcripts; courier and messenger fees; large photocopying or document production jobs that must be outsourced to a vendor; expert witness fees; attendance fees for subpoenaed witnesses; postage of $10 or more; and travel expenses if travel outside of the New York City metropolitan area is

required. We do not bill you for ordinary overhead expenses such as meals, computer research, secretarial services, local travel expenses, postage less than $10, faxes, ordinary office photocopying, and the like.

The Firm will advance you these out-of-pocket costs or expenses. Upon the recovery of any proceeds in this matter, all expenses and costs advanced by the Firm on your behalf will be paid first without any offsetting reduction to the amount of the gross recovery against which the contingency fee is computed.

### 5.  What Happens if Fees or Costs Are Awarded By a Court or Tribunal

In some cases, a court, arbitrator, or other tribunal might order one party to pay the other party's attorneys' fees and/or costs. If our firm is awarded any attorneys' fees as a result or such an order, the Firm, in satisfaction of the contingency fee, will be entitled to the greater of (i) the amount of attorney fees awarded, or (ii) 28% of the sum of the attorneys fees awarded plus any other proceeds received by you, i.e., (fee award + other proceeds you receive x .28]. If you or our Firm are awarded any costs or expenses as a result of such an order, they shall be used to offset any amounts you paid to the Firm or that the Firm has advanced attributable to costs or expenses. If you are ordered to pay the opposing party's fees or costs, you will be responsible for paying that amount separately from, and in addition to, any amounts you owe us.

### 6.  Cooperation and Disclosure

No representation can be effective without a high degree of cooperation and assistance between the attorney and client. Therefore, you agree that you will promptly, fully, and truthfully provide us with any information, documents, data, and other materials we request or that you believe are relevant or necessary for us to represent you in your matter. Failure to provide or disclose such information and materials can negatively affect your case and hinder us from representing you effectively. You also agree that you will not knowingly make any material misrepresentations of fact to us, or intentionally fail to disclose to us documents or information that are material to your case.

### 7.  Termination of Representation

Although we look forward to a successful and mutually satisfying attorney-client relationship, there are sometimes circumstances when an attorney or client wishes to terminate the representation before the matter is completed.

### A.  Discharge of the Firm

As the client, you have the right to end our relationship at any time for any reason. If you do decide to terminate the representation, however, you will still be responsible for paying the Firm its full contingent share of any recovery you obtain in this matter by way of verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, but only in the event that the verdict, report, determination, decision, award, settlement, judgment, final order, or other recovery was reasonably imminent and/or previously indicated at the time you

discharged the Firm. Otherwise, upon discharge, you will be responsible for paying the Firm a fee commensurate with the services performed up to the date of discharge, measured according to the Firm's regularly hourly billing rate of $480.00/hour, plus any outstanding costs and expenses.

### B.    Withdrawal of the Firm

As your attorneys, we also have the right to terminate the representation and discontinue working on pending matters in certain circumstances, subject to rules of professional responsibility. For example, upon giving you reasonable notice, the Firm can terminate the attorney-client relationship for, *inter alia*, the following reasons: (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (2) the client has used the lawyer's services to perpetrate a crime or fraud; (3) the client insists upon taking a course of action with which the lawyer has a fundamental disagreement; (4) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; (5) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; (6) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out effectively; (7) an incurable conflict of interest arises; (8) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under the rules of professional responsibility; or (9) for any other reason required or permitted by law. In the event the Firm terminates the representation for a permissible reason, the Firm shall be entitled to no further fees except: (i) the full contingency share of any recovery that has been obtained at the time of withdrawal; or (ii) a fee commensurate with the services performed up to the date of withdrawal, measured according to the Firm's regularly hourly billing rate of $480.00/hour, whichever is greater. You will also remain responsible for paying the Firm any outstanding costs and expenses it has advanced on your behalf through the date of withdrawal.

### 8.    Settlement Without the Firm's Consent

If you settle your claims or cause of action without the consent of the Firm, you shall pay to the Firm the fee computed in accordance with the terms of this Agreement and based on the final recovery you receive in the settlement, plus any outstanding costs and expenses advanced by the Firm on your behalf.

### 9.    Your Case Files and Documents

Please be aware that all files and other documents retained at the Firm relating to your representation belong to you as the client, except for the Firm's internal and administrative documents, such as attorney time records. You are allowed access to your case files and documents at any time, and may take them into your possession upon termination of the representation, as long as you provide us with reasonable prior written notice. We reserve the right to destroy all case files and documents 10 years after the cessation of representation unless you request their return. If you change representation to any attorney outside this Firm, you must provide us with a written notice authorizing us to transfer your files to your new attorney.

In any case where you request us to provide or transfer our original case files and documents, the Firm has the right to photocopy and/or digitally image your case files and documents at your expense.

**10. Protection of Your Information**

The Firm takes your personal privacy very seriously and will comply with all applicable privacy protection laws and regulations for any personal documents and data that you provide us. There may be times when the Firm needs to share your personal documents and data to third parties who provide services to us or on our behalf. In any such cases, we will take steps to ensure that any private information is reasonably safeguarded. Further, where appropriate, the Firm will seek confidentiality orders and/or stipulations to prevent your personal information from being disclosed to third parties outside of the litigation.

**11. No Guarantee**

No law Firm or attorney can guarantee the outcome of any legal dispute. Although the Firm may offer an opinion or estimate about possible results, we do not and cannot guarantee any particular result, nor can we predict in advance the total amount of fees that you will incur for our services. You acknowledge that the Firm has not made any promises to you about the outcome of your matter, including the costs and expenses or litigation, and that any opinion or budget provided by the Firm does not constitute a guarantee.

**12. Resolution of Fee Disputes**

In the unlikely event that a dispute arises between us concerning fees and/or costs, and we are unable to resolve the dispute ourselves through good faith discussion, you and the Firm agree that the dispute will be submitted to arbitration under New York's Statewide Fee Dispute Resolution Program.

**13. Knowing and Voluntary Agreement**

You acknowledge that you have read this entire agreement, that you fully understand its contents, and that you are entering into this agreement freely, voluntarily, and without coercion or duress. You further acknowledge that you have been provided an opportunity to consult with an attorney or an independent representative of your choice to explain the terms of this Agreement and the consequences of signing it.

**14. Miscellaneous**

a.    This Agreement constitutes the entire agreement of the parties with respect to the matters set forth herein and supersedes any prior or contemporaneous agreements, whether oral or written, between the parties.

b.    This Agreement cannot be changed except by a writing that is signed by both parties and that makes specific reference to this Agreement.

6 | Page

c.   The provisions of this Agreement are severable, such that if any shall be deemed for any reason breached or unenforceable, the validity and enforceability of the remaining clauses is unaffected.

d.   This Agreement is binding upon and shall inure to the benefit of the parties and their respective agents, executors, heirs, successors, and assigns.

e.   This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original. Photocopies and other facsimiles of this Agreement shall be deemed an original for all purposes.

**Please acknowledge this agreement by signing it below and returning it to us. You may keep a signed copy for your records. We look forward to working with you.**

Very truly yours,

Michael P. Pappas

READ, ACCEPTED, AND AGREED TO
THIS 06 DAY OF March, 2017

Andreas Andreou



**MICHAEL P. PAPPAS LAW FIRM, P.C.**

New York • New Jersey • California

## ENGAGEMENT AGREEMENT

Thank you for retaining the Michael P. Pappas Law Firm, P.C. (the "Firm") to provide legal services in the area of employment law. This Engagement Agreement sets forth the terms and conditions of your engagement of the Firm.

### 1. Scope of Representation

The scope of representation you have asked us to undertake is to prosecute claims on your behalf, and potentially on behalf of other similarly-situated employees, against your employer for violation of wage and hour laws. The scope of our representation may expand from the work described above (i) as specifically agreed in writing, or (ii) to the extent of work actually performed and billed with your authorization. If the scope of the representation expands significantly from what we originally contemplated, the Firm may ask you to enter into a revised engagement agreement containing different terms and conditions.

### 2. Retainer

Before we begin to perform work under this Engagement Agreement, you must provide the Firm with a "retainer" in the amount of $0.00. Your entire retainer payment will be kept in a client trust account until the conclusion of this matter, unless you authorize us to earlier withdraw all or a portion of the retainer funds and apply them toward outstanding fees and/or expenses. Any portion of the retainer remaining at the conclusion of this matter will be refunded to you or credited against our fee, as you may choose.

The purpose of a retainer payment is to provide the Firm with a measure of security in the event of a failure to pay for legal services rendered and/or expenses. Therefore, you hereby authorize us to withdraw amounts from the trust account and apply them to any unpaid invoice that is at least 60 days past due. In the event any retainer funds are withdrawn due to nonpayment, you will be invoiced for replenishment of the amount withdrawn. If you do not provide the replenishment amount within 30 days of the replenishment invoice date, it will constitute a breach of this agreement.

In the event that this matter proceeds to trial (or arbitration hearing with respect to any arbitrated matter), you may be asked to pay an additional retainer in an amount equal to the probable fees, costs, and expenses to be incurred in preparation for and during the trial or arbitration hearing.

### 3.    Fees and Billing Policy

You are retaining our services under an arrangement where you will be obligated to pay our Firm a contingency fee that totals 28% of any compensation or other monetary recovery received by you as a result of our Firm's negotiation, procurement of an out-of-court settlement, or procurement of a judgment in a legal proceeding. This is a discount of 5.33% from our normal contingency rate of 33.33%.  If we do not recover any sum on your behalf, you owe us nothing, except as otherwise stated in this agreement. Please note that settlements and awards in employment cases are taxable, and under this retainer agreement, the contingency fee is calculated based on the gross, pre-tax amount of any settlement or award. You are choosing the above contingency fee arrangement in lieu of an arrangement where you would pay our Firm by the hour at the rate of $480.00 per hour plus expenses.

When you sign this Agreement, you are conveying to our Firm an irrevocable 28% interest in all proceeds obtained by you in this matter, whether obtained by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, and whether denominated actual damages, costs, attorney's fees, punitive damages, or other recovery, and in whatever form they might take.  In the event that you obtain non-monetary relief or consideration (such as benefits, stock options, etc.), the Firm shall be entitled to 28% of the value of such non-monetary relief or consideration. In such a case, we will propose a valuation of that non-monetary relief or consideration. If you disagree with that valuation, you have the right to propose your own valuation within five days of receiving the Firm's valuation. If you and the Firm cannot reach agreement, the parties will submit the two competing valuations to a mutually acceptable arbitrator, who shall choose on of the two valuations at the end of the arbitration session. The cost of the arbitration shall be shared equally by the parties. Each of us will provide to the other all data reasonably necessary to evaluate any in-kind interest or non-monetary consideration that is created by virtue of this representation.

Please take notice that the Firm shall have a lien for services rendered and costs advanced on any sums recovered by you in this matter, whether by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise.

### 4.    Expenses

You will be responsible for paying certain out-of-pocket expenses incurred in the course of working on your matter. Examples of expenses you will be responsible for include: court filing fees; court reporter fees for depositions; fees for deposition or court proceeding transcripts; courier and messenger fees; large photocopying or document production jobs that must be outsourced to a vendor; expert witness fees; attendance fees for subpoenaed witnesses; postage of $10 or more; and travel expenses if travel outside of the New York City metropolitan area is

required. We do not bill you for ordinary overhead expenses such as meals, computer research, secretarial services, local travel expenses, postage less than $10, faxes, ordinary office photocopying, and the like.

The Firm will advance you these out-of-pocket costs or expenses. Upon the recovery of any proceeds in this matter, all expenses and costs advanced by the Firm on your behalf will be paid first without any offsetting reduction to the amount of the gross recovery against which the contingency fee is computed.

5.    **What Happens if Fees or Costs Are Awarded By a Court or Tribunal**

In some cases, a court, arbitrator, or other tribunal might order one party to pay the other party's attorneys' fees and/or costs. If our Firm is awarded any attorneys' fees as a result or such an order, the Firm, in satisfaction of the contingency fee, will be entitled to the greater of (i) the amount of attorney fees awarded, or (ii) 28% of the sum of the attorneys fees awarded plus any other proceeds received by you, *i.e.,* (fee award + other proceeds you receive x .28). If you or our Firm are awarded any costs or expenses as a result of such an order, they shall be used to offset any amounts you paid to the Firm or that the Firm has advanced attributable to costs or expenses. If you are ordered to pay the opposing party's fees or costs, you will be responsible for paying that amount separately from, and in addition to, any amounts you owe us.

6.    **Cooperation and Disclosure**

No representation can be effective without a high degree of cooperation and assistance between the attorney and client. Therefore, you agree that you will promptly, fully, and truthfully provide us with any information, documents, data, and other materials we request or that you believe are relevant or necessary for us to represent you in your matter. Failure to provide or disclose such information and materials can negatively affect your case and hinder us from representing you effectively. You also agree that you will not knowingly make any material misrepresentations of fact to us, or intentionally fail to disclose to us documents or information that are material to your case.

7.    **Termination of Representation**

Although we look forward to a successful and mutually satisfying attorney-client relationship, there are sometimes circumstances when an attorney or client wishes to terminate the representation before the matter is completed.

A.   Discharge of the Firm

As the client, you have the right to end our relationship at any time for any reason. If you do decide to terminate the representation, however, you will still be responsible for paying the Firm its full contingent share of any recovery you obtain in this matter by way of verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, but only in the event that the verdict, report, determination, decision, award, settlement, judgment, final order, or other recovery was reasonably imminent and/or previously indicated at the time you

discharged the Firm. Otherwise, upon discharge, you will be responsible for paying the Firm a fee commensurate with the services performed up to the date of discharge, measured according to the Firm's regularly hourly billing rate of $480.00/hour, plus any outstanding costs and expenses.

**B.   Withdrawal of the Firm**

As your attorneys, we also have the right to terminate the representation and discontinue working on pending matters in certain circumstances, subject to rules of professional responsibility. For example, upon giving you reasonable notice, the Firm can terminate the attorney-client relationship for, *inter alia*, the following reasons: (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (2) the client has used the lawyer's services to perpetrate a crime or fraud; (3) the client insists upon taking a course of action with which the lawyer has a fundamental disagreement; (4) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; (5) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; (6) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out effectively; (7) an incurable conflict of interest arises; (8) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under the rules of professional responsibility; or (9) for any other reason required or permitted by law. In the event the Firm terminates the representation for a permissible reason, the Firm shall be entitled to no further fees except: (i) the full contingent share of any recovery that has been obtained at the time of withdrawal; or (ii) a fee commensurate with the services performed up to the date of withdrawal, measured according to the Firm's regularly hourly billing rate of $480.00/hour, whichever is greater. You will also remain responsible for paying the Firm any outstanding costs and expenses it has advanced on your behalf through the date of withdrawal.

**8.   Settlement Without the Firm's Consent**

If you settle your claims or cause of action without the consent of the Firm, you shall pay to the Firm the fee computed in accordance with the terms of this Agreement and based on the final recovery you receive in the settlement, plus any outstanding costs and expenses advanced by the Firm on your behalf.

**9.   Your Case Files and Documents**

Please be aware that all files and other documents retained at the Firm relating to your representation belong to you as the client, except for the Firm's internal and administrative documents, such as attorney time records. You are allowed access to your case files and documents at any time, and may take them into your possession upon termination of the representation, as long as you provide us with reasonable prior written notice. We reserve the right to destroy all case files and documents 10 years after the cessation of representation unless you request their return. If you change representation to any attorney outside this Firm, you must provide us with a written notice authorizing us to transfer your files to your new attorney.

In any case where you request us to provide or transfer our original case files and documents, the Firm has the right to photocopy and/or digitally image your case files and documents at your expense.

**10.    Protection of Your Information**

The Firm takes your personal privacy very seriously and will comply with all applicable privacy protection laws and regulations for any personal documents and data that you provide us. There may be times when the Firm needs to share your personal documents and data to third parties who provide services to us or on our behalf. In any such cases, we will take steps to ensure that any private information is reasonably safeguarded. Further, where appropriate, the Firm will seek confidentiality orders and/or stipulations to prevent your personal information from being disclosed to third parties outside of the litigation.

**11.    No Guarantee**

No law Firm or attorney can guarantee the outcome of any legal dispute. Although the Firm may offer an opinion or estimate about possible results, we do not and cannot guarantee any particular result, nor can we predict in advance the total amount of fees that you will incur for our services. You acknowledge that the Firm has not made any promises to you about the outcome of your matter, including the costs and expenses or litigation, and that any opinion or budget provided by the Firm does not constitute a guarantee.

**12.    Resolution of Fee Disputes**

In the unlikely event that a dispute arises between us concerning fees and/or costs, and we are unable to resolve the dispute ourselves through good faith discussion, you and the Firm agree that the dispute will be submitted to arbitration under New York's Statewide Fee Dispute Resolution Program.

**13.    Knowing and Voluntary Agreement**

You acknowledge that you have read this entire agreement, that you fully understand its contents, and that you are entering into this agreement freely, voluntarily, and without coercion or duress. You further acknowledge that you have been provided an opportunity to consult with an attorney or an independent representative of your choice to explain the terms of this Agreement and the consequences of signing it.

**14.    Miscellaneous**

a.     This Agreement constitutes the entire agreement of the parties with respect to the matters set forth herein and supersedes any prior or contemporaneous agreements, whether oral or written, between the parties.

b.     This Agreement cannot be changed except by a writing that is signed by both parties and that makes specific reference to this Agreement.

9 | Page

c.    The provisions of this Agreement are severable, such that if any shall be deemed for any reason breached or unenforceable, the validity and enforceability of the remaining clauses is unaffected.

d.    This Agreement is binding upon and shall inure to the benefit of the parties and their respective agents, executors, heirs, successors, and assigns.

e.    This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original. Photocopies and other facsimiles of this Agreement shall be deemed an original for all purposes.

**Please acknowledge this agreement by signing it below and returning it to us. You may keep a signed copy for your records. We look forward to working with you.**

Very truly yours,

Michael P. Pappas

READ, ACCEPTED, AND AGREED TO
THIS 21 DAY OF March 2017

_Jenifer Barrera_

Name:

Address:



**MICHAEL P. PAPPAS LAW FIRM, P.C.**

New York • New Jersey • California

## ENGAGEMENT AGREEMENT

Dear Pedro,

Thank you for retaining the Michael P. Pappas Law Firm, P.C. (the "Firm") to provide legal services in the area of employment law. This Engagement Agreement sets forth the terms and conditions of your engagement of the Firm.

### 1.    Scope of Representation

The scope of representation you have asked us to undertake is to assert claims on your behalf against your employer for violation of wage and hour laws, and to negotiate a settlement if possible. The scope of our representation may expand from the work described above (i) as specifically agreed in writing, or (ii) to the extent of work actually performed and billed with your authorization. If the scope of the representation expands significantly from what we originally contemplated, the Firm may ask you to enter into a revised engagement agreement containing different terms and conditions.

### 2.    Retainer

Before we begin to perform work under this Engagement Agreement, you must provide the Firm with a "retainer." Your entire retainer payment will be kept in a client trust account until the conclusion of this matter, unless you authorize us to earlier withdraw all or a portion of the retainer funds and apply them toward outstanding fees and/or expenses. Any portion of the retainer remaining at the conclusion of this matter will be refunded to you or credited against our fee, as you may choose.

The purpose of a retainer payment is to provide the Firm with a measure of security in the event of a failure to pay for legal services rendered and/or expenses. Therefore, you hereby authorize us to withdraw amounts from the trust account and apply them to any unpaid invoice that is at least 60 days past due. In the event any retainer funds are withdrawn due to nonpayment, you will be invoiced for replenishment of the amount withdrawn. If you do not provide the replenishment amount within 30 days of the replenishment invoice date, it will constitute a breach of this agreement.

In the event that this matter proceeds to trial (or arbitration hearing with respect to any arbitrated matter), you may be asked to pay an additional retainer in an amount equal to the probable fees, costs, and expenses to be incurred in preparation for and during the trial or arbitration hearing.

### 3.    Fees and Billing Policy

You are retaining our services under an arrangement where you will be obligated to pay our Firm a contingency fee that totals 28% of any compensation or other monetary recovery received by you as a result of our Firm's negotiation, procurement of an out-of-court settlement, or procurement of a judgment in a legal proceeding. This is a discount of 5.33% from our normal contingency rate of 33.33%. If we do not recover any sum on your behalf, you owe us nothing, except as otherwise stated in this agreement. Please note that settlements and awards in employment cases are taxable, and under this retainer agreement, the contingency fee is calculated based on the gross, pre-tax amount of any settlement or award. You are choosing the above contingency fee arrangement in lieu of an arrangement where you would pay our Firm by the hour at the rate of $480.00 per hour plus expenses.

When you sign this Agreement, you are conveying to our Firm an irrevocable 28% interest in all proceeds obtained by you in this matter, whether obtained by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, and whether denominated actual damages, costs, attorney's fees, punitive damages, or other recovery, and in whatever form they might take. In the event that you obtain non-monetary relief or consideration (such as benefits, stock options, etc.), the Firm shall be entitled to 28% of the value of such non-monetary relief or consideration. In such a case, we will propose a valuation of that non-monetary relief or consideration. If you disagree with that valuation, you have the right to propose your own valuation within five days of receiving the Firm's valuation. If you and the Firm cannot reach agreement, the parties will submit the two competing valuations to a mutually acceptable arbitrator, who shall choose on one of the two valuations at the end of the arbitration session. The cost of the arbitration shall be shared equally by the parties. Each of us will provide to the other all data reasonably necessary to evaluate any in-kind interest or non-monetary consideration that is created by virtue of this representation.

Please take notice that the Firm shall have a lien for services rendered and costs advanced on any sums recovered by you in this matter, whether by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise.

### 4.    Expenses

You will be responsible for paying certain out-of-pocket expenses incurred in the course of working on your matter. Examples of expenses you will be responsible for include: court filing fees; court reporter fees for depositions; fees for deposition or court proceeding transcripts; courier and messenger fees; large photocopying or document production jobs that must be outsourced to a vendor; expert witness fees; attendance fees for subpoenaed witnesses; postage of $10 or more; and travel expenses if travel outside of the New York City metropolitan area is

required. We do not bill you for ordinary overhead expenses such as meals, computer research, secretarial services, local travel expenses, postage less than $10, taxes, ordinary office photocopying, and the like.

The Firm will advance you these out-of-pocket costs or expenses. Upon the recovery of any proceeds in this matter, all expenses and costs advanced by the Firm on your behalf will be paid first without any offsetting reduction to the amount of the gross recovery against which the contingency fee is computed.

**5.    What Happens If Fees or Costs Are Awarded By a Court or Tribunal**

In some cases, a court, arbitrator, or other tribunal might order one party to pay the other party's attorneys' fees and/or costs. If our Firm is awarded any attorneys' fees as a result or such an order, the Firm, in satisfaction of the contingency fee, will be entitled to the greater of (i) the amount of attorney fees awarded, or (ii) 28% of the sum of the attorneys fees awarded plus any other proceeds received by you, i.e., (fee award + other proceeds you receive x .28]. If you or our Firm are awarded any costs or expenses as a result of such an order, they shall be used to offset any amounts you paid to the Firm or that the Firm has advanced attributable to costs or expenses. If you are ordered to pay the opposing party's fees or costs, you will be responsible for paying that amount separately from, and in addition to, any amounts you owe us.

**6.    Cooperation and Disclosure**

No representation can be effective without a high degree of cooperation and assistance between the attorney and client. Therefore, you agree that you will promptly, fully, and truthfully provide us with any information, documents, data, and other materials we request or that you believe are relevant or necessary for us to represent you in your matter. Failure to provide or disclose such information and materials can negatively affect your case and hinder us from representing you effectively. You also agree that you will not knowingly make any material misrepresentations of fact to us, or intentionally fail to disclose to us documents or information that are material to your case.

**7.    Termination of Representation**

Although we look forward to a successful and mutually satisfying attorney-client relationship, there are sometimes circumstances when an attorney or client wishes to terminate the representation before the matter is completed.

A.    Discharge of the Firm

As the client, you have the right to end our relationship at any time for any reason. If you do decide to terminate the representation, however, you will still be responsible for paying the Firm its full contingent share of any recovery you obtain in this matter by way of verdict, report, determination, decision, award, settlement, final order, or otherwise, but only in the event that the verdict, report, determination, decision, award, settlement, judgment, final order, or other recovery was reasonably imminent and/or previously indicated at the time you

discharged the Firm. Otherwise, upon discharge, you will be responsible for paying the Firm a fee commensurate with the services performed up to the date of discharge, measured according to the Firm's regularly hourly billing rate of $480.00/hour, plus any outstanding costs and expenses.

### B.   Withdrawal of the Firm

As your attorneys, we also have the right to terminate the representation and discontinue working on pending matters in certain circumstances, subject to rules of professional responsibility. For example, upon giving you reasonable notice, the Firm can terminate the attorney-client relationship for, *inter alia*, the following reasons: (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (2) the client has used the lawyer's services to perpetrate a crime or fraud; (3) the client insists upon taking a course of action with which the lawyer has a fundamental disagreement; (4) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; (5) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; (6) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out effectively; (7) an incurable conflict of interest arises; (8) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under the rules of professional responsibility; or (9) for any other reason required or permitted by law. In the event the Firm terminates the representation for a permissible reason, the Firm shall be entitled to no further fees except: (i) the full contingent share of any recovery that has been obtained at the time of withdrawal; or (ii) a fee commensurate with the services performed up to the date of withdrawal, measured according to the Firm's regularly hourly billing rate of $480.00/hour, whichever is greater. You will also remain responsible for paying the Firm any outstanding costs and expenses it has advanced on your behalf through the date of withdrawal.

### 8.   Settlement Without the Firm's Consent

If you settle your claims or cause of action without the consent of the Firm, you shall pay to the Firm the fee computed in accordance with the terms of this Agreement and based on the final recovery you receive in the settlement, plus any outstanding costs and expenses advanced by the Firm on your behalf.

### 9.   Your Case Files and Documents

Please be aware that all files and other documents retained at the Firm relating to your representation belong to you as the client, except for the Firm's internal and administrative documents, such as attorney time records. You are allowed access to your case files and documents at any time, and may take them into your possession upon termination of the representation, as long as you provide us with reasonable prior written notice. We reserve the right to destroy all case files and documents 10 years after the cessation of representation unless you request their return. If you change representation to any attorney outside this Firm, you must provide us with a written notice authorizing us to transfer your files to your new attorney.

In any case where you request us to provide or transfer our original case files and documents, **the Firm has the right to photocopy and/or digitally image your case files and documents at your expense.**

### 10.    Protection of Your Information

The Firm takes your personal privacy very seriously and will comply with all applicable privacy protection laws and regulations for any personal documents and data that you provide us. There may be times when the Firm needs to share your personal documents and data to third parties who provide services to us or on our behalf. In any such cases, we will take steps to ensure that any private information is reasonably safeguarded. Further, where appropriate, the Firm will seek confidentiality orders and/or stipulations to prevent your personal information from being disclosed to third parties outside of the litigation.

### 11.    No Guarantee

No law Firm or attorney can guarantee the outcome of any legal dispute. Although the Firm may offer an opinion or estimate about possible results, we do not and cannot guarantee any particular result, nor can we predict in advance the total amount of fees that you will incur for our services. You acknowledge that the Firm has not made any promises to you about the outcome of your matter, including the costs and expenses or litigation, and that any opinion or budget provided by the Firm does not constitute a guarantee.

### 12.    Resolution of Fee Disputes

In the unlikely event that a dispute arises between us concerning fees and/or costs, and we are unable to resolve the dispute ourselves through good faith discussion, you and the Firm agree that the dispute will be submitted to arbitration under New York's Statewide Fee Dispute Resolution Program.

### 13.    Knowing and Voluntary Agreement

You acknowledge that you have read this entire agreement, that you fully understand its contents, and that you are entering into this agreement freely, voluntarily, and without coercion or duress. You further acknowledge that you have been provided an opportunity to consult with an attorney or an independent representative of your choice to explain the terms of this Agreement and the consequences of signing it.

### 14.    Miscellaneous

a.    This Agreement constitutes the entire agreement of the parties with respect to the matters set forth herein and supersedes any prior or contemporaneous agreements, whether oral or written, between the parties.

b.    This Agreement cannot be changed except by a writing that is signed by both parties and that makes specific reference to this Agreement.

c.    The provisions of this Agreement are severable, such that if any shall be deemed for any reason breached or unenforceable, the validity and enforceability of the remaining clauses is unaffected.

d.    This Agreement is binding upon and shall inure to the benefit of the parties and their respective agents, executors, heirs, successors, and assigns.

e.    This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original. Photocopies and other facsimiles of this Agreement shall be deemed an original for all purposes.

**Please acknowledge this agreement by signing it below and returning it to us. You may keep a signed copy for your records. We look forward to working with you.**

Very truly yours,

Michael P. Pappas

READ, ACCEPTED, AND AGREED TO

THIS 15th DAY OF March 2017

Name: Pedro Garcia

~~Address:~~



MICHAEL P. PAPPAS LAW FIRM, P.C.

New York • New Jersey • California

# ENGAGEMENT AGREEMENT

Thank you for retaining the Michael P. Pappas Law Firm, P.C. (the "Firm") to provide legal services in the area of employment law. This Engagement Agreement sets forth the terms and conditions of your engagement of the Firm.

## 1.    Scope of Representation

The scope of representation you have asked us to undertake is to prosecute claims on your behalf, and potentially on behalf of other similarly-situated employees, against your employer for violation of wage and hour laws. The scope of our representation may expand from the work described above (i) as specifically agreed in writing, or (ii) to the extent of work actually performed and billed with your authorization. If the scope of the representation expands significantly from what we originally contemplated, the Firm may ask you to enter into a revised engagement agreement containing different terms and conditions.

## 2.    Retainer

Before we begin to perform work under this Engagement Agreement, you must provide the Firm with a "retainer" in the amount of $0.00. Your entire retainer payment will be kept in a client trust account until the conclusion of this matter, unless you authorize us to earlier withdraw all or a portion of the retainer funds and apply them toward outstanding fees and/or expenses. Any portion of the retainer remaining at the conclusion of this matter will be refunded to you or credited against our fee, as you may choose.

The purpose of a retainer payment is to provide the Firm with a measure of security in the event of a failure to pay for legal services rendered and/or expenses. Therefore, you hereby authorize us to withdraw amounts from the trust account and apply them to any unpaid invoice that is at least 60 days past due. In the event any retainer funds are withdrawn due to nonpayment, you will be invoiced for replenishment of the amount withdrawn. If you do not provide the replenishment amount within 30 days of the replenishment invoice date, it will constitute a breach of this agreement.

In the event that this matter proceeds to trial (or arbitration hearing with respect to any arbitrated matter), you may be asked to pay an additional retainer in an amount equal to the probable fees, costs, and expenses to be incurred in preparation for and during the trial or arbitration hearing.

### 3. Fees and Billing Policy

You are retaining our services under an arrangement where you will be obligated to pay our Firm a contingency fee that totals 28% of any compensation or other monetary recovery received by you as a result of our Firm's negotiation, procurement of an out-of-court settlement, or procurement of a judgment in a legal proceeding. This is a discount of 5.33% from our normal contingency rate of 33.33%. If we do not recover any sum on your behalf, you owe us nothing, except as otherwise stated in this agreement. Please note that settlements and awards in employment cases are taxable, and under this retainer agreement, the contingency fee is calculated based on the gross, pre-tax amount of any settlement or award. You are choosing the above contingency fee arrangement in lieu of an arrangement where you would pay our Firm by the hour at the rate of $480.00 per hour plus expenses.

When you sign this Agreement, you are conveying to our Firm an irrevocable 28% interest in all proceeds obtained by you in this matter, whether obtained by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, and whether denominated actual damages, costs, attorney's fees, punitive damages, or other recovery, and in whatever form they might take. In the event that you obtain non-monetary relief or consideration (such as benefits, stock options, etc.), the Firm shall be entitled to 28% of the value of such non-monetary relief or consideration. In such a case, we will propose a valuation of that non-monetary relief or consideration. If you disagree with that valuation, you have the right to propose your own valuation within five days of receiving the Firm's valuation. If you and the Firm cannot reach agreement, the parties will submit the two competing valuations to a mutually acceptable arbitrator, who shall choose on of the two valuations at the end of the arbitration session. The cost of the arbitration shall be shared equally by the parties. Each of us will provide to the other all data reasonably necessary to evaluate any in-kind interest or non-monetary consideration that is created by virtue of this representation.

Please take notice that the Firm shall have a lien for services rendered and costs advanced on any sums recovered by you in this matter, whether by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise.

### 4. Expenses

You will be responsible for paying certain out-of-pocket expenses incurred in the course of working on your matter. Examples of expenses you will be responsible for include: court filing fees; court reporter fees for depositions; fees for deposition or court proceeding transcripts; courier and messenger fees; large photocopying or document production jobs that must be outsourced to a vendor; expert witness fees; attendance fees for subpoenaed witnesses; postage of $10 or more; and travel expenses if travel outside of the New York City metropolitan area is

required. We do **not** bill you for ordinary overhead expenses such as meals, computer research, secretarial services, local travel expenses, postage less than $10, taxes, ordinary office photocopying, and the like.

The Firm will advance you these out-of-pocket costs or expenses. Upon the recovery of any proceeds in this matter, all expenses and costs advanced by the Firm on your behalf will be paid first without any offsetting reduction to the amount of the gross recovery against which the contingency fee is computed.

5.    **What Happens if Fees or Costs Are Awarded By a Court or Tribunal**

In some cases, a court, arbitrator, or other tribunal might order one party to pay the other party's attorneys' fees and/or costs. If our Firm is awarded any attorneys' fees as a result or such an order, the Firm, in satisfaction of the contingency fee, will be entitled to the greater of (i) the amount of attorney fees awarded, or (ii) 28% of the sum of the attorneys fees awarded plus any other proceeds received by you, i.e., (fee award + other proceeds you receive x .28). If you or our Firm are awarded any costs or expenses as a result of such an order, they shall be used to offset any amounts you paid to the Firm or that the Firm has advanced attributable to costs or expenses. If you are ordered to pay the opposing party's fees or costs, you will be responsible for paying that amount separately from, and in addition to, any amounts you owe us.

6.    **Cooperation and Disclosure**

No representation can be effective without a high degree of cooperation and assistance between the attorney and client. Therefore, you agree that you will promptly, fully, and truthfully provide us with any information, documents, data, and other materials we request or that you believe are relevant or necessary for us to represent you in your matter. Failure to provide or disclose such information and materials can negatively affect your case and hinder us from representing you effectively. You also agree that you will not knowingly make any material misrepresentations of fact to us, or intentionally fail to disclose to us documents or information that are material to your case.

7.    **Termination of Representation**

Although we look forward to a successful and mutually satisfying attorney-client relationship, there are sometimes circumstances when an attorney or client wishes to terminate the representation before the matter is completed.

A.    Discharge of the Firm

As the client, you have the right to end our relationship at any time for any reason. If you do decide to terminate the representation, however, you will still be responsible for paying the Firm its full contingent share of any recovery you obtain in this matter by way of verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, but only in the event that the verdict, report, determination, decision, award, settlement, judgment, final order, or other recovery was reasonably imminent and/or previously indicated at the time you

discharged the Firm. Otherwise, upon discharge, you will be responsible for paying the Firm a fee commensurate with the services performed up to the date of discharge, measured according to the Firm's regularly hourly billing rate of $480.00/hour, plus any outstanding costs and expenses.

**B.   Withdrawal of the Firm**

As your attorneys, we also have the right to terminate the representation and discontinue working on pending matters in certain circumstances, subject to rules of professional responsibility. For example, upon giving you reasonable notice, the Firm can terminate the attorney-client relationship for, *inter alia*, the following reasons: (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (2) the client has used the lawyer's services to perpetrate a crime or fraud; (3) the client insists upon taking a course of action with which the lawyer has a fundamental disagreement; (4) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; (5) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; (6) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out effectively; (7) an incurable conflict of interest arises; (8) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under the rules of professional responsibility; or (9) for any other reason required or permitted by law. In the event the Firm terminates the representation for a permissible reason, the Firm shall be entitled to no further fees except: (i) the full contingent share of any recovery that has been obtained at the time of withdrawal; or (ii) a fee commensurate with the services performed up to the date of withdrawal, measured according to the Firm's regularly hourly billing rate of $480.00/hour, whichever is greater. You will also remain responsible for paying the Firm any outstanding costs and expenses it has advanced on your behalf through the date of withdrawal.

**8.   Settlement Without the Firm's Consent**

If you settle your claims or cause of action without the consent of the Firm, you shall pay to the Firm the fee computed in accordance with the terms of this Agreement and based on the final recovery you receive in the settlement, plus any outstanding costs and expenses advanced by the Firm on your behalf.

**9.   Your Case Files and Documents**

Please be aware that all files and other documents retained at the Firm relating to your representation belong to you as the client, except for the Firm's internal and administrative documents, such as attorney time records. You are allowed access to your case files and documents at any time, and may take them into your possession upon termination of the representation, as long as you provide us with reasonable prior written notice. We reserve the right to destroy all case files and documents 10 years after the cessation of representation unless you request their return. If you change representation to any attorney outside this Firm, you must provide us with a written notice authorizing us to transfer your files to your new attorney.

In any case where you request us to provide or transfer our original case files and documents, the Firm has the right to photocopy and/or digitally image your case files and documents at your expense.

### 10.    Protection of Your Information

The Firm takes your personal privacy very seriously and will comply with all applicable privacy protection laws and regulations for any personal documents and data that you provide us. There may be times when the Firm needs to share your personal documents and data to third parties who provide services to us or on our behalf. In any such cases, we will take steps to ensure that any private information is reasonably safeguarded. Further, where appropriate, the Firm will seek confidentiality orders and/or stipulations to prevent your personal information from being disclosed to third parties outside of the litigation.

### 11.    No Guarantee

No law Firm or attorney can guarantee the outcome of any legal dispute. Although the Firm may offer an opinion or estimate about possible results, we do not and cannot guarantee any particular result, nor can we predict in advance the total amount of fees that you will incur for our services. You acknowledge that the Firm has not made any promises to you about the outcome of your matter, including the costs and expenses or litigation, and that any opinion or budget provided by the Firm does not constitute a guarantee.

### 12.    Resolution of Fee Disputes

In the unlikely event that a dispute arises between us concerning fees and/or costs, and we are unable to resolve the dispute ourselves through good faith discussion, you and the Firm agree that the dispute will be submitted to arbitration under New York's Statewide Fee Dispute Resolution Program.

### 13.    Knowing and Voluntary Agreement

You acknowledge that you have read this entire agreement, that you fully understand its contents, and that you are entering into this agreement freely, voluntarily, and without coercion or duress. You further acknowledge that you have been provided an opportunity to consult with an attorney or an independent representative of your choice to explain to you terms of this Agreement and the consequences of signing it.

### 14.    Miscellaneous

a.    This Agreement constitutes the entire agreement of the parties with respect to the matters set forth herein and supersedes any prior or contemporaneous agreements, whether oral or written, between the parties.

b.    This Agreement cannot be changed except by a writing that is signed by both parties and that makes specific reference to this Agreement.

c.    The provisions of this Agreement are severable, such that if any shall be deemed for any reason breached or unenforceable, the validity and enforceability of the remaining clauses is unaffected.

d.    This Agreement is binding upon and shall inure to the benefit of the parties and their respective agents, executors, heirs, successors, and assigns.

e.    This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original. Photocopies and other facsimiles of this Agreement shall be deemed an original for all purposes.

**Please acknowledge this agreement by signing it below and returning it to us. You may keep a signed copy for your records. We look forward to working with you.**

Very truly yours,

Michael P. Pappas

READ, ACCEPTED, AND AGREED TO
THIS 13th DAY OF _March_ 2017

Name: Christha NToma

Address:



**MICHAEL P. PAPPAS LAW FIRM, P.C.**

New York • New Jersey • California

## ENGAGEMENT AGREEMENT

Thank you for retaining the Michael P. Pappas Law Firm, P.C. (the "Firm") to provide legal services in the area of employment law. This Engagement Agreement sets forth the terms and conditions of your engagement of the Firm.

### 1. Scope of Representation

The scope of representation you have asked us to undertake is to prosecute claims on your behalf, and potentially on behalf of other similarly-situated employees, against your employer for violation of wage and hour laws. The scope of our representation may expand from the work described above (i) as specifically agreed in writing, or (ii) to the extent of work actually performed and billed with your authorization. If the scope of the representation expands significantly from what we originally contemplated, the Firm may ask you to enter into a revised engagement agreement containing different terms and conditions.

### 2. Retainer

Before we begin to perform work under this Engagement Agreement, you must provide the Firm with a "retainer" in the amount of $0.00. Your entire retainer payment will be kept in a client trust account until the conclusion of this matter, unless you authorize us to earlier withdraw all or a portion of the retainer funds and apply them toward outstanding fees and/or expenses. Any portion of the retainer remaining at the conclusion of this matter will be refunded to you or credited against our fee, as you may choose.

The purpose of a retainer payment is to provide the Firm with a measure of security in the event of a failure to pay for legal services rendered and/or expenses. Therefore, you hereby authorize us to withdraw amounts from the trust account and apply them to any unpaid invoice that is at least 60 days past due. In the event any retainer funds are withdrawn due to nonpayment, you will be invoiced for replenishment of the amount withdrawn. If you do not provide the replenishment amount within 30 days of the replenishment invoice date, it will constitute a breach of this agreement.

In the event that this matter proceeds to trial (or arbitration hearing with respect to any arbitrated matter), you may be asked to pay an additional retainer in an amount equal to the probable fees, costs, and expenses to be incurred in preparation for and during the trial or arbitration hearing.

### 3.   Fees and Billing Policy

You are retaining our services under an arrangement where you will be obligated to pay our firm a contingency fee that totals 28% of any compensation or other monetary recovery received by you as a result of our Firm's negotiation, procurement of an out-of-court settlement, or procurement of a judgment in a legal proceeding. This is a discount of 5.33% from our normal contingency rate of 33.33%. If we do not recover any sum on your behalf, you owe us nothing, except as otherwise stated in this agreement. Please note that settlements and awards in employment cases are taxable, and under this retainer agreement, the contingency fee is calculated based on the gross, pre-tax amount of any settlement or award. You are choosing the above contingency fee arrangement in lieu of an arrangement where you would pay our Firm by the hour at the rate of $480.00 per hour plus expenses.

When you sign this Agreement, you are conveying to our Firm an irrevocable 28% interest in all proceeds obtained by you in this matter, whether obtained by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, and whether denominated actual damages, costs, attorney's fees, punitive damages, or other recovery, and in whatever form they might take. In the event that you obtain non-monetary relief or consideration (such as benefits, stock options, etc.), the Firm shall be entitled to 28% of the value of such non-monetary relief or consideration. In such a case, we will propose a valuation of that non-monetary relief or consideration. If you disagree with that valuation, you have the right to propose your own valuation within five days of receiving the Firm's valuation. If you and the Firm cannot reach agreement, the parties will submit the two competing valuations to a mutually acceptable arbitrator, who shall choose on of the two valuations at the end of the arbitration session. The cost of the arbitration shall be shared equally by the parties. Each of us will provide to the other all data reasonably necessary to evaluate any in-kind interest or non-monetary consideration that is created by virtue of this representation.

Please take notice that the Firm shall have a lien for services rendered and costs advanced on any sums recovered by you in this matter, whether by verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise.

### 4.   Expenses

You will be responsible for paying certain out-of-pocket expenses incurred in the course of working on your matter. Examples of expenses you will be responsible for include: court filing fees; court reporter fees for depositions; fees for deposition or court proceeding transcripts; courier and messenger fees; large photocopying or document production jobs that must be outsourced to a vendor; expert witness fees; attendance fees for subpoenaed witnesses; postage of $10 or more; and travel expenses if travel outside of the New York City metropolitan area is

required. We do not bill you for ordinary overhead expenses such as meals, computer research, secretarial services, local travel expenses, postage less than $10, taxes, ordinary office photocopying, and the like.

The Firm will advance you these out-of-pocket costs or expenses. Upon the recovery of any proceeds in this matter, all expenses and costs advanced by the Firm on your behalf will be paid first without any offsetting reduction to the amount of the gross recovery against which the contingency fee is computed.

**5.   What Happens If Fees or Costs Are Awarded By a Court or Tribunal**

In some cases, a court, arbitrator, or other tribunal might order one party to pay the other party's attorneys' fees and/or costs. If our Firm is awarded any attorneys' fees as a result or such an order, the Firm, in satisfaction of the contingency fee, will be entitled to the greater of (i) the amount of attorney fees awarded, or (ii) 28% of the sum of the attorneys fees awarded plus any other proceeds received by you, i.e., (fee award + other proceeds you receive x 28). If you or our Firm are awarded any costs or expenses as a result of such an order, they shall be used to offset any amounts you paid to the Firm or that the Firm has advanced attributable to costs or expenses. If you are ordered to pay the opposing party's fees or costs, you will be responsible for paying that amount separately from, and in addition to, any amounts you owe us.

**6.   Cooperation and Disclosure**

No representation can be effective without a high degree of cooperation and assistance between the attorney and client. Therefore, you agree that you will promptly, fully, and truthfully provide us with any information, documents, data, and other materials we request or that you believe are relevant or necessary for us to represent you in your matter. Failure to provide or disclose such information and materials can negatively affect your case and hinder us from representing you effectively. You also agree that you will not knowingly make any material misrepresentations of fact to us, or intentionally fail to disclose to us documents or information that are material to your case.

**7.   Termination of Representation**

Although we look forward to a successful and mutually satisfying attorney-client relationship, there are sometimes circumstances when an attorney or client wishes to terminate the representation before the matter is completed.

A.   Discharge of the Firm

As the client, you have the right to end our relationship at any time for any reason. If you do decide to terminate the representation, however, you will still be responsible for paying the Firm its full contingent share of any recovery you obtain in this matter by way of verdict, report, determination, decision, award, settlement, judgment, final order, or otherwise, but only in the event that the verdict, report, determination, decision, award, settlement, judgment, final order, or other recovery was reasonably imminent and/or previously indicated at the time you

discharged the Firm. Otherwise, upon discharge, you will be responsible for paying the Firm a fee commensurate with the services performed up to the date of discharge, measured according to the Firm's regularly hourly billing rate of $480.00/hour, plus any outstanding costs and expenses.

### B.    Withdrawal of the Firm

As your attorneys, we also have the right to terminate the representation and discontinue working on pending matters in certain circumstances, subject to rules of professional responsibility. For example, upon giving you reasonable notice, the Firm can terminate the attorney-client relationship for, *inter alia*, the following reasons: (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (2) the client has used the lawyer's services to perpetrate a crime or fraud; (3) the client insists upon taking a course of action with which the lawyer has a fundamental disagreement; (4) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; (5) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; (6) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out effectively; (7) an incurable conflict of interest arises; (8) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under the rules of professional responsibility; or (9) for any other reason required or permitted by law. In the event the Firm terminates the representation for a permissible reason, the Firm shall be entitled to no further fees except: (i) the full contingent share of any recovery that has been obtained at the time of withdrawal; or (ii) a fee commensurate with the services performed up to the date of withdrawal, measured according to the Firm's regularly hourly billing rate of $480.00/hour, whichever is greater. You will also remain responsible for paying the Firm any outstanding costs and expenses it has advanced on your behalf through the date of withdrawal.

### 8.    Settlement Without the Firm's Consent

If you settle your claims or cause of action without the consent of the Firm, you shall pay to the Firm the fee computed in accordance with the terms of this Agreement and based on the final recovery you receive in the settlement, plus any outstanding costs and expenses advanced by the Firm on your behalf.

### 9.    Your Case Files and Documents

Please be aware that all files and other documents retained at the Firm relating to your representation belong to you as the client, except for the Firm's internal and administrative documents, such as attorney time records. You are allowed access to your case files and documents at any time, and may take them into your possession upon termination of the representation, as long as you provide us with reasonable prior written notice. We reserve the right to destroy all case files and documents 10 years after the cessation of representation unless you request their return. If you change representation to any attorney outside this Firm, you must provide us with a written notice authorizing us to transfer your files to your new attorney.

In any case where you request us to provide or transfer our original case files and documents, the Firm has the right to photocopy and/or digitally image your case files and documents at your expense.

**10.    Protection of Your Information**

The Firm takes your personal privacy very seriously and will comply with all applicable privacy protection laws and regulations for any personal documents and data that you provide us. There may be times when the Firm needs to share your personal documents and data to third parties who provide services to us or on our behalf. In any such cases, we will take steps to ensure that any private information is reasonably safeguarded. Further, where appropriate, the Firm will seek confidentiality orders and/or stipulations to prevent your personal information from being disclosed to third parties outside of the litigation.

**11.    No Guarantee**

No law Firm or attorney can guarantee the outcome of any legal dispute. Although the Firm may offer an opinion or estimate about possible results, we do not and cannot guarantee any particular result, nor can we predict in advance the total amount of fees that you will incur for our services. You acknowledge that the Firm has not made any promises to you about the outcome of your matter, including the costs and expenses or litigation, and that any opinion or budget provided by the Firm does not constitute a guarantee.

**12.    Resolution of Fee Disputes**

In the unlikely event that a dispute arises between us concerning fees and/or costs, and we are unable to resolve the dispute ourselves through good faith discussion, you and the Firm agree that the dispute will be submitted to arbitration under New York's Statewide Fee Dispute Resolution Program.

**13.    Knowing and Voluntary Agreement**

You acknowledge that you have read this entire agreement, that you fully understand its contents, and that you are entering into this agreement freely, voluntarily, and without coercion or duress. You further acknowledge that you have been provided an opportunity to consult with an attorney or an independent representative of your choice to explain the terms of this Agreement and the consequences of signing it.

**14.    Miscellaneous**

a.    This Agreement constitutes the entire agreement of the parties with respect to the matters set forth herein and supersedes any prior or contemporaneous agreements, whether oral or written, between the parties.

b.    This Agreement cannot be changed except by a writing that is signed by both parties and that makes specific reference to this Agreement.

c.     The provisions of this Agreement are severable, such that if any if any if for any reason breached or unenforceable, the validity and enforceability of the remaining clauses is unaffected.

d.     This Agreement is binding upon and shall inure to the benefit of the parties and their respective agents, executors, heirs, successors, and assigns.

e.     This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original. Photocopies and other facsimiles of this Agreement shall be deemed an original for all purposes.

**Please acknowledge this agreement by signing and returning it to us. You may keep a signed copy for your records. We look forward to working with you.**

Very truly yours,

Michael P. Pappas

READ, ACCEPTED, AND AGREED TO
THIS 13th DAY OF March 2017

Name: Dimitra Eleonora Papaioannou
Address: